# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL IVEY,<br><br>　　　　　　　　　　　Plaintiff,<br>vs.<br><br>APOGEN TECHNOLOGIES, INC., et al.,<br><br>　　　　　　　　　　　Defendants. | CASE NO. 11CV366 DMS NLS<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**[Docket No. 15]** |

Pending before the Court is Defendant's motion to dismiss the sixth through twenty-fifth claims for relief pled in Plaintiff Michael Ivey's First Amended Complaint ("FAC"), pursuant to Federal Rules of Civil Procedure 12(b)(6) and 23. Having carefully considered the arguments of each party, the Court grants Defendant's motion.

## I.
## BACKGROUND

Plaintiff Michael Ivey is a former employee of Defendant Apogen Technologies. (FAC, ¶ 2.) Plaintiff's job duties primarily entailed reviewing documents and inputting data into forms. (*Id.* ¶ 9.) At a time unknown to Plaintiff, Apogen and the other Defendants[1] allegedly entered into a conspiracy to violate various California labor laws, and acted in furtherance of such a conspiracy for personal and financial gain. (*Id.* ¶ 4.)

---

[1] Although Plaintiff also names Qinetiq North America Operations, LLC and Qinetiq North America, Inc., as Defendants, they have not been served with the FAC. The Court therefore treats Apogen as the sole named Defendant.

According to Plaintiff, Apogen intentionally "engaged in a pattern and practice" of mis-classifying some of its employees as "exempt," including Plaintiff, when they should have been classified as "non-exempt."[2] (*Id.* ¶¶ 9, 13.) Plaintiff claims that Apogen did this to avoid compensating its employees for overtime hours, and to circumvent labor laws mandating meal and rest breaks. (*Id.* ¶ 9.) Apogen often encouraged or required, both explicitly and implicitly, its employees to exceed normal work hours, but did not compensate them for such work. (*Id.* ¶ 15.) For example, Plaintiff was forced to work in excess of normal working hours because Apogen criticized Plaintiff's job performance, and thereby threatened Plaintiff's job security, if deadlines were not met. (*Id.* ¶ 16.) Similarly, Plaintiff frequently missed meal and rest breaks during work hours, and often resorted to eating while working "in order to satisfy [Apogen's] demands." (*Id.* ¶ 19.)

Apogen allegedly had a policy that allowed employees to be paid their normal wages, or "straight time," for hours for which they should have been paid overtime wages. (*Id.* ¶ 14.) In some circumstances, however, Apogen failed to pay "straight time" as well. (*Id.*) In addition, Apogen did not maintain accurate records of time worked by its employees by intentionally altering or under-reporting hours. (*Id.* ¶¶ 18, 22.) When Plaintiff complained about not being compensated for his extra work, Apogen was dismissive and intimidating, and told Plaintiff that because he was an exempt employee, he was not entitled to extra pay. (*Id.* ¶ 25.)

On January 10, 2011, Plaintiff filed suit in the San Diego County Superior Court. (Doc. 1-3.) Apogen removed the action to this Court on February 22, 2011. (Doc. 1.) The Court subsequently granted Plaintiff leave to file an amended Complaint, and Plaintiff did so on April 15, 2011. (FAC.) In the FAC, Plaintiff asserts twenty-five claims, which fall into two categories. The first category encompasses Plaintiff's *individual* claims against Apogen, which are contained in the first through fifth claims of the FAC. (*See id.* ¶¶ 30-54.) In these claims, Plaintiff alleges that Apogen violated provisions of the California Labor Code, Industrial Welfare Commission Orders, and Business and Professions Code by, *inter alia*, intentionally mis-classifying employees as "exempt" to avoid compensating them for overtime hours and to avoid providing them with meal and rest breaks as

---

[2] An employee is "exempt" if he or she falls within an executive, administrative, professional, or other exemption under California law. (*Id.* ¶ 9.)

1 mandated by the Labor Code. (*Id.* ¶¶ 9, 30-54.) Plaintiff seeks damages solely on behalf of himself
2 in these claims.[3] (*Id.* ¶¶ 30-54.)

3       The second category, on the other hand, is composed of *representative* claims, which Plaintiff
4 asserts pursuant to the California Labor Code Private Attorney General Act ("PAGA"). *See* Cal. Lab.
5 Code §§ 2698 *et seq.* In these claims, reflected in the sixth through twenty-fifth claims for relief,
6 Plaintiff pursues civil penalties against Apogen for labor law violations arising out of many of the
7 same actions described above. (*See* FAC ¶¶ 55-131.) He asserts these claims not only on behalf of
8 himself, but also on behalf of all "aggrieved employees." (*Id.* ¶ 6.) Plaintiff defines aggrieved
9 employees as individuals who currently are or have been employed by Apogen at numerous locations
10 in California, and are victims of Apogen's labor law violations. (*Id.* ¶¶ 6-8.)

11       On May 20, 2011, Apogen moved to dismiss Plaintiff's representative claims pursuant to
12 Federal Rules of Civil Procedure 12(b)(6) and 23. (Doc. 15.) In support of its motion, Apogen makes
13 two main arguments. First, it contends Plaintiff's factual allegations, particularly those describing
14 "who the actual employer is, who the aggrieved employees are, and what the basis of their alleged
15 claims is," are not sufficient to state a claim. (Doc. 15-1 at 6.) Second, Apogen contends that,
16 regardless of the sufficiency of the allegations, the representative claims should be dismissed because
17 Plaintiff failed to address the class action pleading requirements mandated by Federal Rule of Civil
18 Procedure 23. (*Id.* at 13.) Because Apogen's second argument is dispositive, the Court declines to
19 addresses Apogen's first argument that the FAC fails to state a claim.

**II.**

**DISCUSSION**

22       Apogen argues Plaintiff must comply with the requirements of Rule 23 to sue as an individual
23 and on behalf of other allegedly aggrieved employees under the PAGA. Apogen contends that federal
24 rules apply to PAGA claims because: (1) the PAGA is a purely procedural statute, (2) Plaintiff's
25 reliance on California case law, specifically *Arias v. Superior Court*, 46 Cal.4th 969 (2009), is
26 / / /

---

[3] Defendant initially sought dismissal of Plaintiff's fifth cause of action as well, but later withdrew its challenge after Plaintiff clarified he was bringing the claim only in his individual capacity. (Doc. 18 at 11.)

misplaced, and (3) Plaintiff's allegations do not create the requisite standing to represent the interests of other parties.

Although the Ninth Circuit has not yet decided the issue, several district courts in California have thoroughly evaluated the issue following the California Supreme Court's decision in *Arias*. The district courts are split as to whether or not Rule 23 must be followed in PAGA claims pursued in federal court. *Cf. Thompson v. APM Terminals Pac. Ltd.*, No. C 10-00677 JSW, 2010 WL 6309364, at *2 (N.D. Cal. Aug. 26, 2010) ("To the extent Plaintiff here seeks to bring a representative PAGA action on behalf of other non-party, unnamed aggrieved employees in federal court, such a claim must meet the requirements of Rule 23.") and *Adams v. Luxottica U.S. Holdings Corp.*, No. SA CV 07-1465 AHS (MLGx), 2009 WL 7401970 (C.D. Cal. July 24, 2009) (similar), *with Mendez v. Tween Brands, Inc.*, No. 2:10-cv-00072-MCE-DAD, 2010 WL 2650571, at *4 (E.D. Cal. July 1, 2010) (holding representative action under PAGA is permissible as "the remedy sought in a PAGA suit consists of civil penalties, not individual or class damages."); *Sample v. Big Lots Stores, Inc.*, No. C 10-03276 SBA, 2010 WL 4939992, at *3 (N.D. Cal. Nov. 30, 2010) (purpose of PAGA is not to confer a private benefit upon plaintiffs, but to vindicate the public through imposition of civil penalties on employers who violate the California Labor Code); *Cardenas v. McLane Foodservice, Inc.*, No. SACV 10-473 DOC (FFMx), 2011 WL 379413, at *3 (C.D. Cal. Jan. 31, 2011) (PAGA authorizes aggrieved employees to act as private attorneys general and bring actions that are essentially alternatives to enforcement actions brought by the Labor and Workforce Development Agency itself, thus the "prudential limitations against third party standing does not apply to a representative action under PAGA ...."). For the reasons set forth below, the Court is persuaded that plaintiffs pursuing PAGA claims in federal court must adhere to the pleading requirements of Rule 23.

PAGA permits an "aggrieved employee" to bring a civil action "on behalf of himself or herself and other current or former employees" to recover civil penalties for violation of the California Labor Code. Cal. Lab. Code § 2699(a). If the aggrieved employee prevails, 25% of the penalties recovered are distributed to the aggrieved employees, with the remaining 75% distributed to the Labor and Workforce Development Agency for the enforcement of labor laws and education of employers and employees about their rights and responsibilities. *Id.* § 2699(i), (j).

The California Supreme Court in *Arias*, 46 Cal.4th at 986, held that there is no requirement under PAGA for plaintiffs to obtain class certification under California Code of Civil Procedure § 382. But "'a plaintiff whose cause of action is perfectly viable in state court under state law may nonetheless be foreclosed from litigating the same cause of action in federal court, if he cannot' meet federal procedural and jurisdictional requirements." *Thompson*, 2010 WL 6309364 at *2 (quoting *Lee v. American National Ins. Co.*, 260 F.3d 997, 1001 (9th Cir. 2001). Stated differently, apart from the constitutional standing requirements of Article III, a plaintiff "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 498 (1975).

Because Section 2699(a) of the California Labor Code provides for recovery to unnamed non-parties, it contravenes federal procedural requirements. *Thompson*, 2010 WL 6309364 at *2. This Court therefore finds the reasoning of the district court in *Thompson* persuasive. "To the extent Plaintiff here seeks to bring a representative PAGA action on behalf of other non-party, unnamed aggrieved employees in federal court, such a claim must meet the requirements of Rule 23." *Id.*

### IV.
### CONCLUSION

Defendant's motion to dismiss the sixth through twenty-fifth claims for relief of the FAC is granted for failure to meet the requirements of Rule 23. Plaintiff shall have 20 days from the posting of this Order to file a Second Amended Complaint.

**IT IS SO ORDERED**.

DATED: August 10, 2011

_____
HON. DANA M. SABRAW
United States District Judge