UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL IVEY,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br><br><br>APOGEN TECHNOLOGIES, INC., et al.,<br><br>　　　　　　　　Defendants. | CASE NO. 11cv366 DMS (NLS)<br><br>**ORDER (1) DENYING AS MOOT DEFENDANT'S MOTION TO STRIKE INDIVIDUAL DEFENDANTS FROM SECOND AMENDED COMPLAINT, (2) DENYING DEFENDANT'S MOTION TO STRIKE CLASS ALLEGATIONS AND (3) DENYING DEFENDANT'S MOTION TO DISMISS SEVENTH THROUGH TWENTY-FIFTH CLAIMS IN SECOND AMENDED COMPLAINT**<br><br>**[Docket No. 25]** |

This case comes before the Court on Defendant Apogen Technologies, Inc.'s motion to strike and motion to dismiss. Plaintiff filed an opposition to the motion and Defendant filed a reply. For the reasons set out below, the Court denies as moot the motion to strike the Individual Defendants from the Second Amended Complaint ("SAC"), denies Defendant's motion to strike the class allegations and denies Defendant's motion to dismiss the seventh through twenty-fifth claims for relief.

**I.**

**BACKGROUND**

Plaintiff Michael Ivey is a former employee of Defendants Apogen Technologies, Inc., Qinetiq North America Operations, LLC and/or Qinetic North America, Inc. (collectively, "Corporate Defendants"). Defendant Gary Trimble was Plaintiff's supervisor, and Defendant Anita Trotta was the Director of Human Resources for Defendant Qinetiq North America, Inc.

Plaintiff alleges that during his employment with Defendants, Defendants misclassified him and other employees as "exempt" instead of "non-exempt" to avoid paying overtime and providing meal and rest breaks. He also alleges that Defendants failed to pay him for all hours worked, and failed to maintain adequate and accurate time records for their employees. For example, Plaintiff alleges Defendants altered or under-reported their employees' hours, or required Plaintiff and other employees to do so. At the same time, Plaintiff alleges Defendants were billing their clients for the actual hours employees worked.

On January 10, 2011, Plaintiff filed the present case in San Diego Superior Court alleging the following claims for relief against the corporate Defendants: (1) unpaid compensation, (2) meal break premiums, (3) rest break premiums, (4) failure to provide proper wage statements as required under California Labor Code § 226, (5) waiting time penalties under California Labor Code § 203 and (6) unlawful business practices under California Business and Professions Code § 17200. Defendant Apogen removed the case to this Court on February 22, 2011. The parties stipulated to the filing of a First Amended Complaint, which Plaintiff filed on April 15, 2011.

In the First Amended Complaint ("FAC"), Plaintiff realleged the claims in his original Complaint with the exception of the claim for failure to provide proper wage statements. He also alleged twenty additional claims pursuant to California's Private Attorney General Act ("PAGA"). Defendants moved to dismiss the PAGA claims, which the Court granted. In the order granting the motion, the Court gave Plaintiff leave to file a SAC to bring the PAGA claims into compliance with Federal Rule of Civil Procedure 23.

Plaintiff filed a SAC on August 29, 2011. The SAC realleges the claims in the FAC, and for the first time names Trimble and Trotta as Defendants on certain of those claims.

## II.
## DISCUSSION

Defendant moves to strike the Individual Defendants from the SAC. In the Order on Plaintiff's motion to remand, the Court granted that relief. Therefore, the Court denies as moot Defendant's motion to strike the Individual Defendants from the SAC. The Court addresses the remainder of Defendant's arguments below.

In two recent opinions, the Supreme Court established a more stringent standard of review for 12(b)(6) motions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive a motion to dismiss under this new standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

"Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)). In *Iqbal*, the Court began this task "by identifying the allegations in the complaint that are not entitled to the assumption of truth." *Id.* at 1951. It then considered "the factual allegations in respondent's complaint to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951.

Here, Defendant argues Plaintiff's representative claims fail to state sufficient facts to proceed beyond the pleading stage. First, Defendant states Plaintiff has failed to set forth sufficient facts surrounding the representative class, *i.e.*, who is included in the class and "the terms, conditions or circumstances" of their employment. However, the Court disagrees. Plaintiff specifically defines the representative class, (*see* SAC ¶¶ 8-10), and the Labor Code violations at issue. Therefore, this argument does not warrant dismissal of Plaintiff's representative claims.

Second, Defendant asserts Plaintiff failed to explain why the employees in the representative class were misclassified. Defendant fails, however, to cite any authority to support that level of specificity in the SAC. Plaintiff sets forth facts supporting his belief that he was misclassified, (*see id.* at ¶ 17), and it is reasonable to infer that those allegations apply equally to the class Plaintiff

purports to represent. Therefore, this argument does not warrant dismissal of Plaintiff's representative claims.

///

Third, Defendant maintains Plaintiff failed to allege "a common policy or practice" applicable to the representative class. Again, the Court disagrees. Plaintiff specifically alleges, among other things, that Defendants misclassified "non-exempt" employees as "exempt," failed to pay employees for all hours worked and failed to keep adequate and accurate time records for their employees. Thus, contrary to Defendant's argument, Plaintiff has identified the specific policies and practices at issue in this case.

In addition to these general challenges to Plaintiff's representative claims, Defendant argues Plaintiff has failed to satisfy the pleading requirements of Federal Rule of Civil Procedure 23. Specifically, Defendant asserts the class and subclasses alleged in the SAC are not ascertainable and Plaintiff has failed to allege that his claims are common or typical of the other members of the representative class. These arguments, however, go to merits of Plaintiff's class allegations, not whether Plaintiff has alleged sufficient facts to withstand a motion to dismiss. Therefore, these arguments do not warrant dismissal.

Defendant's final argument in support of dismissal of Plaintiff's representative claims is that PAGA is unconstitutional. Specifically, Defendant asserts PAGA violates the separation of powers doctrine. The separation of powers doctrine "is intended to structurally protect the independence of each of the three branches of government." *Rodriguez v. Cook*, 169 F.3d 1176, 1181-82 (9th Cir. 1999) (citing *United States v. Klein*, 80 U.S. 128, 147 (1871)). Generally, the doctrine precludes one branch of government from usurping the authority of another branch of government.

Here, Defendant argues the Legislature has impinged on the Judiciary's power to regulate the practice of law by enacting PAGA. Notably, however, Defendant fails to cite any portion or section of PAGA that removes or restricts the Judiciary's power in any way. Although PAGA allows for an "aggrieved employee" to bring a civil action in which any penalties awarded must be shared with the Labor and Workforce Development Agency, there is nothing about that delegation that improperly restricts the Judiciary's power to regulate the practice of law. Absent any showing that PAGA violates

the separation of powers doctrine, the Court rejects Defendant's argument that PAGA is unconstitutional.

///

### III.

### CONCLUSION

For these reasons, the Court denies as moot Defendant's motion to strike the Individual Defendants from the SAC, denies Defendant's motion to strike the class allegations and denies Defendant's motion to dismiss claims seven through twenty-five.

**IT IS SO ORDERED**.

DATED: October 26, 2011

HON. DANA M. SABRAW
United States District Judge